IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Kyle Mayol,<br><br>            Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>            Respondents. | No. CV 23–08092–PCT–DWL (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Brandon Kyle Mayol's ("Petitioner") "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus" (the "Petition") (Doc. 1). After reviewing the parties' briefing (Docs. 1, 19, 27), the undersigned recommends that the Court deny habeas relief without an evidentiary hearing.[1]

---

[1] "[I]f the record refutes the [habeas] applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (a hearing is not required if the allegations would not entitle the petitioner to relief under Section 2254(d)); *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.") (emphasis in original).

The undersigned finds that the record is adequately developed. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (finding "a district court is not obligated to hold evidentiary hearings to further develop the factual record" when the record is "amply

# I. BACKGROUND

In March 2018, Petitioner pled guilty in the Superior Court of Arizona in and for Mohave County to Attempted Sexual Exploitation of a Minor, a class 3 felony and dangerous crime against children. (Doc. 19-1 at 28-34). The trial court suspended the imposition of sentence and placed Petitioner on lifetime supervised probation. (*Id.* at 52-54).

In April 2020, Petitioner's probation officer petitioned to revoke his probation, alleging Petitioner had violated several probation conditions. (*Id.* at 65-66). After a contested violation hearing in September 2020, the trial court found in favor of the State. (*Id.* at 73-75). It revoked Petitioner's probation and sentenced Petitioner to 6.5 years in prison. (*Id.* at 100-03). The Arizona Court of Appeals affirmed the revocation of Petitioner's probation and the imposed sentence. (*Id.* at 165-69). Petitioner did not seek further review by the Arizona Supreme Court. (*Id.* at 171).

In October 2021, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (*Id.* at 179-81). The trial court appointed counsel, who could find not find any colorable PCR claims to raise. (*Id.* at 187-95). In March 2022, Petitioner filed a pro se PCR Petition. (*Id.* at 200-25). The trial court summarily dismissed the PCR petition in July 2022, finding that Petitioner failed to present a colorable claim. (Doc. 19-2 at 2-3). Petitioner moved for reconsideration, which the trial court denied. (*Id.* at 5-9, 12). In February 2023, the Arizona Court of Appeals granted review but denied relief. (*Id.* at 49-52). The Arizona Supreme Court denied Petitioner's request for further review on May 10, 2023. (*Id.* at 76).

Petitioner timely initiated this federal habeas proceeding on May 23, 2023. (Doc. 1). The Petition raises four grounds for relief. Petitioner's fourth ground for relief contains two sub-claims, enumerated by Respondents and herein as Ground 4(a) and Ground 4(b). Respondents filed a Limited Answer (Doc. 19) on December 22, 2023. Petitioner filed a

---

developed" and explaining that "[d]istrict courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful").

Reply (Doc. 27) on March 21, 2024.  As discussed below, the undersigned concurs with Respondents that Grounds One, Three, and 4(a) are procedurally defaulted without excuse.  The undersigned finds that 28 U.S.C. § 2254(d) bars relief on Grounds Two and 4(b) because Petitioner has failed to show that the state courts' denial of those claims is (i) contrary to or an unreasonable application of Supreme Court precedent or (ii) based on an unreasonable determination of the facts.

## II. GROUNDS ONE, THREE, AND 4(a) ARE PROCEDURALLY DEFAULTED

### A. Legal Standards

#### 1. Exhaustion-of-State-Remedies Doctrine

It is well-settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").  The rationale for the doctrine relates to the policy of federal-state comity.  *Picard*, 404 U.S. at 275 (1971).  The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners.  *Id*.  In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950); *see also Reed v. Ross*, 468 U.S. 1, 11 (1984) ("[W]e have long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.") (citations and internal quotation marks omitted).

The exhaustion doctrine is codified at 28 U.S.C. § 2254.  That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to

protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To "fully and fairly present" a federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based. This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim. *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted); *see also Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) (federal basis of a claim must be "explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds").

### 2. Procedural Default Doctrine

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Even if a claim was not presented in state court, a claim may be procedurally defaulted in a federal habeas proceeding if the claim would now be barred in state court under the state's procedural rules. *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32

(1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id*. at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); *see also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).

### B. Petitioner Failed to Fairly Present Grounds One, Three, and 4(a) to the State Courts

In 2019, law enforcement received a tip from the Internet Crimes Against Children ("ICAC") task force that an IP address associated with Petitioner's residence had been used to upload child pornography to Skype. (Doc. 19-2 at 88, 91, 102, 109-11). This tip triggered a search of Petitioner's home, during which Petitioner admitted to his probation officer that he had been viewing child pornography. The ICAC tip report was admitted into evidence at Petitioner's September 2020 probation violation hearing.

Ground One of the Petition alleges that the trial court violated Petitioner's Fourteenth Amendment rights by admitting the ICAC tip report into evidence at the probation violation hearing, which Petitioner argues was inadmissible hearsay. (Doc. 1 at 6). Ground Three further challenges the admission of the ICAC tip report on the basis that "reasonable evidence did not support the trial court's finding that the report was reliable and authentic." (*Id.* at 8).[2] In Ground 4(a), Petitioner argues that his defense counsel was

---

[2] Respondents correctly assert in their Limited Answer (Doc. 19 at 12 n. 4) that a district court on habeas review cannot reexamine state court determinations on state law questions. "The correctness of a state evidentiary ruling presenting only an issue of state law is not cognizable on federal habeas corpus review." *Roettgen v. Ryan*, 639 F. Supp. 2d 1053, 1063 (C.D. Cal. 2009). A habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *see also Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998) ("We have no authority to review alleged violations of a state's evidentiary rules

ineffective for failing to argue that Petitioner did not waive his claim that his statements to his probation officer were involuntary. (*Id.* at 9).

### 1. Grounds One and Three

After reviewing the state court record, the undersigned finds that Petitioner did not fairly present the federal bases of Grounds One and Three to the Arizona Court of Appeals. In his Opening Brief on appeal, Petitioner argued that the trial court erred by admitting the ICAC tip report because it was "hearsay not within any exception." (Doc. 19-1 at 125). Petitioner further contended that "there was no evidence that [the] Tip Report was authentic other than the officer's testimony" and that it "was not necessary to admit the Tip Report, whose author could not be cross examined about how he collected and verified his information." (*Id.* at 124, 125-26). However, Petitioner relied exclusively on state law and did not alert the state court that he was asserting federal constitutional claims. (*Id.*).

A federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds—a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (quotations omitted). Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), *amended by* 247 F.3d 904 (9th Cir. 2001); *see Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim" to

---

in a federal habeas proceeding. Our role is limited to determining whether the admission of evidence rendered the trial so fundamentally unfair as to violate due process.") (internal citation omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law grounds."); *Gilmore v. Taylor*, 508 U.S. 333, 348-49 (1993) ("[M]ere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

discover implicit federal claim). Because Petitioner failed to fairly present Grounds One and Three to the state courts, the undersigned finds that Grounds One and Three are unexhausted.

### 2. Ground 4(a)

As to Ground 4(a) of the Petition, Respondents correctly observe that Petitioner raised a different ineffective assistance of counsel claim in his PCR proceeding. (Doc. 19 at 15). Petitioner argued in his PCR Petition and Petition for Review that his defense counsel was ineffective for failing to seek a voluntariness/suppression hearing regarding Petitioner's confession. (Doc. 19-1 at 211, 221-22, Doc. 19-2 at 22). Petitioner did not argue the specific allegation of deficient performance in Ground 4(a) that counsel was ineffective for failing to argue that Petitioner did not waive his claim that his statements were involuntary. "[I]neffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). "As a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (alteration in original). The undersigned finds that Ground 4(a) is unexhausted.

### C. Grounds One, Three, and 4(a) are Procedurally Defaulted

Petitioner can no longer return to state court to properly exhaust Grounds One, Three, and 4(a). Under Arizona Rules of Criminal Procedure 32.2 and 32.4(b), the claims would be found precluded and untimely if Petitioner attempted to raise them in a new post-conviction relief proceeding. *See* Ariz. R. Crim. P. 32.2(a) (precluding claims based on grounds that could have been raised in a previous proceeding); Ariz. R. Crim. P. 32.4(b) (setting time limits for filing notice of post-conviction relief). Arizona courts have consistently applied Rules 32.2(a) and 32.4(b) to find claims waived, and the Ninth Circuit has consistently held that these rules are adequate and independent state grounds for denying relief. *See, e.g., Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (finding Arizona's preclusion rule consistently applied and an adequate and independent state

ground); *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam) (preclusion of issues for failure to present them at an earlier proceeding under Arizona Rule of Criminal Procedure 32.2(a)(3) "are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) ("Arizona Rule of Criminal Procedure 32.2(a)(3) is independent of federal law and has been regularly and consistently applied, so it is adequate to bar federal review of a claim."); *Murray v. Schriro*, 745 F.3d 984, 1016 (9th Cir. 2014) ("[A] claim that has been 'waived' under [Ariz. R. Crim. P. 32.2(a)(3)] is procedurally defaulted and therefore barred from federal court consideration, absent a showing of cause and prejudice or fundamental miscarriage of justice.") (quoting *Poland v. Stewart*, 169 F.3d 573, 578 (9th Cir. 1998)).

Because adequate and independent state rules would preclude Petitioner from returning to state court to exhaust Grounds One, Three, and 4(a), the undersigned finds that the claims are procedurally defaulted.[3] *See Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).

### D. Petitioner's Procedural Defaults are Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

In order to establish cause for a procedurally defaulted claim, "a petitioner must demonstrate that the default is due to an external objective factor that cannot fairly be attributed to him." *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007) (internal

---

[3] This type of procedural default is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, Petitioner no longer has an available state remedy. *Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.").

quotation marks and citation omitted). Under Ninth Circuit precedent, Petitioner's status as an inmate with limited legal resources does not constitute cause. *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause).

The undersigned finds that Petitioner has failed to establish that his procedural defaults are "due to an external objective factor that cannot fairly be attributed to him." *Smith*, 510 F.3d at 1146 (internal quotation marks and citation omitted). Petitioner has therefore failed to show cause for his procedural defaults. Where a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

To satisfy the fundamental miscarriage of justice exception, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To the extent Petitioner may assert that he is innocent, Petitioner has failed to satisfy his burden of producing "new reliable evidence" of actual innocence. *See id.* at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."). The undersigned recommends that the Court find that Petitioner cannot pass through the actual innocence/*Schlup* gateway to excuse his procedural defaults. *See Smith v. Hall*, 466 F. App'x 608, 609 (9th Cir. 2012) (explaining that to pass through the *Schlup* gateway, a petitioner must first satisfy the "threshold requirement of coming forward with 'new reliable evidence'"); *Griffin v. Johnson*, 350 F.3d 956, 961 (9th Cir. 2003) ("To meet [the *Schlup* gateway standard], [petitioner] must first furnish 'new reliable evidence . . . that was not presented at trial.'") (quoting *Schlup*, 513 U.S. at 324).

Consequently, the undersigned recommends that the Court dismiss Grounds One, Three, and 4(a).

### III. GROUNDS TWO AND 4(b): HABEAS RELIEF IS BARRED UNDER 28 U.S.C. § 2254(d)

**A. Legal Standards Governing Habeas Review**

In reviewing a habeas petitioner's claims, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to defer to the last reasoned state court decision. *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014); *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). To be entitled to relief, a state prisoner must show that the state court's adjudication of his or her claims either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also, e.g., Woods*, 764 F.3d at 1120; *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2010); *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

As to relief under 28 U.S.C. § 2254(d)(1), "clearly established federal law" refers to the holdings of the U.S. Supreme Court's decisions applicable at the time of the relevant state court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). A state court decision is "contrary to" such clearly established federal law if the state court (i) "applies a rule that contradicts the governing law set forth in [U.S. Supreme Court] cases" or (ii) "confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives at a result different from [U.S. Supreme Court] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "The 'unreasonable application' clause of § 2254(d)(1) applies when the 'state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Holland v. Jackson*, 542 U.S. 649, 652

(2004) (quoting *Williams*, 529 U.S. at 413).

As to relief under 28 U.S.C. § 2254(d)(2), factual determinations by state courts are presumed correct unless the petitioner can show by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)[.]").

### B. Ground Two

Ground Two of the Petition pertains to the admission of Petitioner's confession at the September 2020 probation violation hearing. At the hearing, Petitioner's probation officer testified that she went to Petitioner's home in October 2019 to search for unauthorized devices or material. (Doc. 19-2 at 132, 134). The officer testified that when she asked Petitioner if he had been using anything to access the internet, Petitioner admitted he had been looking at adult and child pornography on his phone and Xbox for the past couple months. (*Id.* at 134-36). The officer testified that when Petitioner was having difficulty articulating what websites he had visited, the officer asked Petitioner if he would feel more comfortable writing it down rather than telling her verbally. (*Id.* at 136). Petitioner then wrote a statement detailing the kinds of child pornography he had been viewing. (*Id.*; Doc. 19-1 at 87-88). The trial court admitted the written statement into evidence over the objection of Petitioner's defense counsel. (Doc. 19-2 at 139).

Petitioner testified at the hearing that he felt pressured to make the inculpatory statements and that they were partly false. (*Id.* at 189-92). Petitioner testified: "I felt obligated to tell [the probation officer] what I believe she needed to hear in order for it to just be correct, I guess." (*Id.* at 191). Defense counsel asked Petitioner: "All right. So your testimony, then, is that's not true?" (*Id.*). Petitioner responded: "It's, like, half true, half not. I don't know how to really put that." (*Id.*). When defense counsel asked if Petitioner

was intimidated by the probation officer, Petitioner stated: "I always feel intimidated by a presence, but not by her personally. An authority presence, sorry." (*Id.*). Petitioner further testified that due to his intellectual disabilities, it is "easy" for people to get him to say things and that he will sometimes go along with people when he feels under pressure. (*Id.* at 192). Petitioner's father also testified that Petitioner has cognitive limitations. (*Id.* at 170-74).

After the parties concluded their presentations, the trial court recounted that Petitioner "admitted, at least on the stand, that it is partially true what he wrote in his statement" and that Petitioner "didn't clarify what was half true. He didn't clarify what was correct and what was incorrect." (*Id.* at 208). The trial court implicitly found that the probation officer's testimony was more credible. It ruled that the State proved by a preponderance of the evidence that Petitioner violated certain probation conditions. (*Id.* at 209-10).

In Ground Two of the Petition, Petitioner argues that the trial court violated his Fourteenth Amendment rights by admitting Petitioner's "verbal and written statements" into evidence at the probation violation hearing "because they were not voluntarily made." (Doc. 1 at 7). Petitioner argues that his "lack of cognitive and comprehension skills should have led the trial court to rule that these statements were involuntary." (*Id.*). Respondents concede that Ground Two was exhausted by being presented to the Arizona Court of Appeals in his appeal following the probation violation hearing.[4] (Doc. 19 at 19).

---

[4] In a footnote, Respondents state that they "believe Ground 2 is procedurally defaulted based on an express procedural bar applied by the Arizona Court of Appeals on direct appeal," but "want to give time for this issue to percolate in the Arizona appellate courts, which appear at this time to be in conflict, and so for that reason ask that this Court expressly find that the defense is *not* waived as to Ground 2." (Doc. 19 at 20 n.6).
Procedural default is not a jurisdictional bar to review of a habeas petition. *Trest v. Cain*, 522 U.S. 87, 89 (1997). Thus, a federal court may choose to consider the merits of a habeas claim even if that claim is procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("[A]ppeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar."). The undersigned will recommend that the Court grant Respondents' request and expressly find that Respondents have reserved and not waived their procedural

In order to be voluntary, a confession must be "the product of a rational intellect and a free will." *Blackburn v. Alabama*, 361 U.S. 199, 208 (1960). "A confession must be suppressed, even absent a *Miranda* violation, when the totality of the circumstances demonstrates that the confession was involuntary." *DeWeaver v. Runnels*, 556 F.3d 995, 1002-03 (9th Cir. 2009) (citing *Dickerson v. United States*, 530 U.S. 428, 434 (2000)). When a confession is challenged, the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary. *Lego v. Twomey*, 404 U.S. 477, 489 (1972). "A court must consider the totality of the circumstances in assessing the voluntariness of a statement." *United States v. Dufur*, 648 F.2d 512, 513 (9th Cir. 1980).

The Arizona Court of Appeals rejected Petitioner's involuntariness claim, finding that "nothing in the record suggests the probation officer threatened, coerced, or made promises to [Petitioner] to induce his confession." (Doc. 19-1 at 167). Although Petitioner and his father testified that Petitioner had cognitive deficits, the probation officer testified that there were no indicators that Petitioner was "not of a sound mind" when he confessed and that Petitioner "was very specific about what he was saying." (Doc. 19-2 at 157). After reviewing the record, the undersigned finds that the Arizona Court of Appeals' decision denying Ground Two is (i) not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court or (ii) based on an unreasonable determination of the facts. The undersigned finds that 28 U.S.C. § 2254(d) bars relief as to Ground Two. It is recommended that the Court deny Ground Two.

**C. Ground 4(b)**

In Ground 4(b), Petitioner asserts that his defense counsel was ineffective for failing to move to suppress his statements to his probation officer or request an evidentiary hearing. (Doc. 1 at 9). Respondents concede that Petitioner exhausted Ground 4(b) in his PCR proceeding. (Doc. 19 at 28).

---

default defense as to Ground Two.

### 1. Legal Standards

The "clearly established federal law" for an ineffective assistance of counsel claim is the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner arguing an ineffective assistance of counsel claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the petitioner. *Strickland*, 466 U.S. at 687. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

In assessing the performance factor of *Strickland's* two-part test, judicial review "must be highly deferential" and the court must try not "to second-guess counsel's assistance after conviction." *Clark*, 769 F.3d at 725 (internal quotation marks and citation omitted). To be constitutionally deficient, counsel's representation must fall below an objective standard of reasonableness such that it was outside the range of competence demanded of attorneys in criminal cases. *Id*. A reviewing court considers "whether there is any reasonable argument" that counsel was effective. *Rogovich v. Ryan*, 694 F.3d 1094, 1105 (9th Cir. 2012).

To establish the prejudice factor of *Strickland's* two-part test, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In other words, it must be shown that the "likelihood of a different result [is] substantial, not just conceivable." *Richter*, 562 U.S. at 112.

Although the performance factor is listed first in *Strickland's* two-part test, a court may consider the prejudice factor first. In addition, a court need not consider both factors if the court determines that a petitioner has failed to meet one factor. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both

deficiency and prejudice if the habeas petitioner cannot establish one or the other).

In the habeas context, the issue is whether there is a "reasonable argument that counsel satisfied *Strickland's* deferential standard, such that the state court's rejection of the [ineffective assistance of counsel] claim was not an unreasonable application of *Strickland*. Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 882 F.3d 778, 825 (9th Cir. 2018) (internal quotation marks and citation omitted). Hence, a review of *Strickland* claims under AEDPA is "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) ("We take a 'highly deferential' look at counsel's performance [pursuant to *Strickland*, 466 U.S. at 689], through the 'deferential lens of § 2254(d)'. . . .).

### 2. Analysis of Ground 4(b)

In its ruling denying Petitioner's PCR Petition, the trial court stated that Petitioner has "submitted no evidence that counsel was deficient in failing to request a voluntariness hearing. Specifically, he has not demonstrated that counsel was aware of and disregarded specific evidence which would support a finding that the statements were involuntary. . . . [Petitioner] failed to make a colorable claim regarding ineffective assistance of counsel." (Doc. 19-2 at 2). In its decision affirming the trial court's ruling, the Arizona Court of Appeals stated that the "trial court clearly identified and correctly resolved [Petitioner's] claims in thorough, well-reasoned rulings, which we adopt." (*Id.* at 51).

The undersigned concurs with Respondents that the state courts reasonably rejected Ground 4(b). As Respondents recount, defense counsel did object to the admission of Petitioner's written statement on Fifth Amendment grounds. During the probation violation hearing, defense counsel stated:

> I believe that statement's inadmissible based on Jacobson v. Lindberg 225 Arz. 318 at 2010, Court of Appeals Division 1 case, which, basically, states that the State cannot require a defendant on sex offender probation to waive his Fifth Amendment rights as a condition of probation and cannot require him to answer questions that would incriminate him in future proceedings.

> Additionally, it references a case, State v. Eccles, Arizona Supreme Court case, which, basically, holds that you can't force a defendant on probation to waive his right against self-incrimination by asking him questions at all, but questions that specifically pertain to his sex offender terms of probation. So there's actually two cases.

(Doc. 19-2 at 137-38). The trial court found the cases cited by defense counsel distinguishable and overruled counsel's objection. (*Id.* at 139). The submitted record does not reveal a basis from which it may be reasonably concluded that the trial court would have granted a motion to suppress Petitioner's inculpatory statements. *See Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999) ("To show prejudice under *Strickland* from failure to file a motion, [habeas petitioner] must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him.") (citing *Kimmelman v. Morrison*, 477 U.S. 365, 373-74 (1986)); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (stating that "the failure to take a futile action can never be deficient performance").

After reviewing the parties' briefing and the submitted record, the undersigned finds that the state courts' denial of Ground 4(b) is not contrary to or an unreasonable application of *Strickland*. The undersigned further finds that Petitioner has failed to show that the state courts unreasonably determined the facts in denying the claim in Ground 4(a). The undersigned finds that 28 U.S.C. § 2254(d) bars relief as to Ground 4(b). It is recommended that the Court deny Ground 4(b).

## IV. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court (i) deny Grounds Two and 4(b) of the Petition (Doc. 1) and (ii) dismiss with prejudice Grounds One, Three, and 4(a).

**IT IS FURTHER RECOMMENDED** that the Court grant Respondents' request in their Limited Answer (Doc. 19 at 20 n.6) and expressly find that Respondents have reserved and not waived their right to raise a procedural default defense as to Ground Two

of the Petition.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of Grounds One, Three, and 4(a) is justified by a plain procedural bar and Petitioner has not made a substantial showing of the denial of a constitutional right in his remaining claims for relief.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 7th day of August, 2024.

_____
Eileen S. Willett
United States Magistrate Judge